UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SHARITA SHAW,

        Plaintiff,

                                      Case No. 20-cv-1645-pp

    v.

QUAD/GRAPHICS, INC., *et al.*,

        Defendants.

---

**ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO DISMISS (DKT. NO 11) AND ORDERING DEFENDANTS TO FILE A STATUS REPORT**

---

On October 30, 2020, the plaintiff filed a class action alleging that the defendants had violated the duties of loyalty and prudence required of ERISA-governed defined plan fiduciaries by, among other things, failing to monitor fees to ensure that they were reasonable, failing to monitor investments to ensure that they were prudent, failing to identify and transfer investments to the most prudent share classes and failure to disclose fees charged to plan participants. Dkt. No. 1.

In lieu of an answer, on January 15, 2021, the defendants filed a motion to dismiss the plaintiff's claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. No. 11. The defendants' motion relied heavily relied on the Seventh Circuit's decision in <u>Divane v. Northwestern University</u>, 953 F.3d 980

1

(2020),[1] and the plaintiff's response focused on what the plaintiff characterized as the defendants' misreading of that decision. See Dkt. No. 12 (defendants' brief in support of the motion, citing Divane on fourteen out of twenty-eight pages); Dkt. No. 14 (plaintiff's opposition brief, citing Divane on eight out of thirty-one pages and arguing that the defendants had misread Divane). In opposition, the plaintiff relied heavily on the Supreme Court's 2015 decision in Tibble v. Edison Int'l, 575 U.S. 523 (2015). See Dkt. No. 25 at 5. The motion was fully briefed as of February 16, 2021. Dkt. No. 16 (reply brief).

Just shy of five months later—on July 2, 2021—the Supreme Court granted *certiorari* to review the Seventh Circuit's decision in Divane. Hughes v. Northwestern University, ___ U.S. ___, 141 S. Ct. 2882 (Mem) (July 2, 2021). On January 24, 2022, the Supreme Court vacated the Seventh Circuit's decision and remanded the case for further proceedings. Hughes v. Northwestern University, ___ U.S. ___, Case No. 19-1401, 2022 WL 199351 (Jan. 24, 2022). The Court cited its 2015 decision in Tibble, asserting that the "categorical rule" applied by the Seventh Circuit "is inconsistent with the content-specific inquiry that ERISA requires and fails to take into account respondents' duty to monitor all plan investments and remove any imprudent ones." Id. at *2 (citing Tibble, 575 U.S. at 530).

---

[1] The defendants also cited to two other Seventh Circuit decisions—Loomis v. Exelon Corp., 658 F.3d 667 (7th Cir. 2011) and Hecker v. Deere & Co., 556 F.3d 575 (7th Cir. 2009)—and argued that, with Divane, these cases demonstrated that the plaintiff's claims were "ones the Seventh Circuit has rejected on motions to dismiss as insufficient to create . . . an inference [that the defendants' fiduciary process was imprudent because of allegations about its outcomes], and which suffer from even more flaws." Dkt. No. 12 at 8-9.

Given the defendants' extensive reliance on <u>Divane</u> and other cases that applied similar categorical rules, the court will deny the defendants' motion without prejudice. The court will require that by the deadline below, the defendants must file a notice with the court indicating whether they either (a) need additional time to evaluate the <u>Hughes</u> decision and its impact on their position in this litigation, (b) plan to answer or otherwise respond to the complaint or (c) propose some other option.

The court **DENIES WITHOUT PREJUDICE** the defendants' motion to dismiss. Dkt. No. 11.

The court **ORDERS** that by the end of the day on **February 11, 2022**, the defendants must file a status report providing the information the court described above.

Dated in Milwaukee, Wisconsin this 26th day of January, 2022.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

3