UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHARITA SHAW,

        Plaintiff,

  v.

Case No. 20-cv-1645-pp

QUAD/GRAPHICS, INC., and
THE BOARD OF DIRECTORS OF QUAD/GRAPHICS, INC.,

        Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT (DKT. NO. 66) AND SCHEDULING HEARING FOR APPROVAL OF FINAL SETTLEMENT**

On October 30, 2020, the plaintiff, individually and as the representative of a class of participants and beneficiaries of the Quad/Graphics Diversified Plan, filed a complaint alleging breaches of duties in violation of the Employee Retirement Income Security Act of 1974 (ERISA). Dkt. No. 1. The plaintiff sought leave to amend the complaint to allege two violations against the defendants: a violation of the duty of prudence under 29 U.S.C. §1104(a)(1) for charging excessive Bundled Recordkeeping and Administrative ("RKA") fees and for failing to monitor fiduciaries with regard to the Bundled RKA fees. Dkt. No. 40. The court granted that motion, dkt. no. 42, and docketed the amended complaint, dkt. no. 70. On April 23, 2024, the defendants filed a motion to dismiss the amended complaint, dkt. no. 45; on October 16, 2024, the court denied that motion, dkt. no. 55, and one month later the parties moved to stay

1

the litigation pending private mediation, dkt. no. 58. Over the next eight months, the parties negotiated and finalized a settlement.

On July 31, 2025, the plaintiff has filed a motion for preliminary approval of the class action settlement, dkt. no. 66, and supporting materials, dkt. nos. 67-69. The court will grant the preliminary motion and schedule a hearing for final approval of the settlement.

## I. Plaintiff's Motion for Preliminary Approval of Class Action Settlement (Dkt. No. 66)

### A. Legal Standard

Federal Rule of Civil Procedure 23(e) states that the claims of a class proposed to be certified for purposes of settlement may be settled only with the court's approval. The parties must provide the court with sufficient information for the court to determine whether to give notice of the proposed settlement to the class. Fed. R. Civ. P. 23(e)(1)(A). The court then determines whether it likely will be able to approve the proposal under Rule 23(e)(2) and certify the class for purposes of judgment on the proposal. Fed. R. Civ. P. 23(e)(1)(B).

The court makes a preliminary inquiry under Rule 23(e)(2) to determine whether it is likely to find that the settlement is fair, reasonable and adequate. The court considers whether:

(A) the class representatives and class counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate, taking into account:

(i) the costs, risks, and delay of trial and appeal;

> > (ii) the effectiveness of any proposed method of distributing relief to the class;
> >
> > (iii) the terms of any proposed award of attorney's fees; and
> >
> > (iv) any agreement required to be identified under Rule 23(e)(3); and
>
> (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2). The parties seeking approval must file a statement identifying any agreement made in connection with the proposal. Fed. R. Civ. P. 23(e)(3).

Once the court approves the settlement, "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).

B. <u>Settlement Terms</u>

For settlement purposes, the parties have agreed to the certification of the following class:

> All persons who participated in the Plan at any time during the Class Period, including any Beneficiary of a deceased Person who participated in the Plan at any time during the Class Period, and any Alternate Payee of a Person subject to a QDRO who participated in the Plan at any time during the Class Period. Excluded from the Settlement Class are the Defendants.

Dkt. No. 67 at 3 (citing Dkt. No. 68-1 at §1.48). The agreement defines the class period as "the period from October 30, 2014 through the date the court enters the final approval order." Dkt. No. 68-1 at §1.14. The plaintiff represents that

3

there are approximately 25,000 settlement class members with a balance in the plan at some time since 2014. Dkt. No. 67 at 4.

The defendants have agreed to a gross settlement amount of $850,000 payable to the class members who participated in the Quad/Graphics Diversified Plan during the class period. Id. (citing Dkt. No. 68-1 at §1.26). The plan of allocation, attached to the declaration of the plaintiff's counsel as Exhibit C, provides for allocation based on the number of quarters the class member had a balance in the account as compared to the number of quarters for all class members. Dkt. No. 68-4 at §II(C). The agreement provides for automatic distribution of the settlement proceeds to the accounts of class members with active accounts through automatic distribution checks, and checks with taxes withheld (if applicable) for former participants whose entitlement amount is above $10. Id. at §II(E) and (F). In exchange, the settlement class agrees to release its claims against the defendants and affiliated persons and entities. Dkt. No. 68-1 at §§1.40, 7.1-7.4.

Class counsel will file a fee and expense application forty-two days prior the final hearing, but by the terms of the agreement, the requested amount may not exceed one-third of the settlement ($283,333.33 in fees and $20,000 in costs and expenses). Id. at §6. The class representative will seek a contribution award not to exceed $10,000. Id. at §6.1. The defendants will retain an independent fiduciary to review and authorize the settlement on behalf of the plan. Id. at §§2.1, 11.4. The independent fiduciary will file a report no later than twenty-eight days prior to the final hearing. Id. at §11.4.

4

C.   Certifying the Class under Rule 23(a)

The court must consider whether it "will likely be able to . . . certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(3)(1)(B)(ii). Rule 23(a) contains four prerequisites for certification of the class: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). If these prerequisites are met, the court must find that at least one of the subsections of Rule 23(b) is satisfied.

1.   *Numerosity*

As to the first requirement, the purported class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "While there is no magic number that applies to every case, a forty–member class is often regarded as sufficient to meet the numerosity requirement." Mulvania v. Sheriff of Rock Island Cnty., 850 F.3d 849, 859 (7th Cir. 2017). The plaintiff represents that there are approximately 25,000 class members, which easily satisfies the first prerequisite for certification.

2.   *Commonality*

Next, the case must present common questions of law and fact. The critical point is the "need for common conduct" towards members of the class. Suchanek v. Sturm Foods, Inc., 764 F.3d 750, 756 (7th Cir. 2014). "Where the same conduct or practice by the same defendant gives rise to the same kind of

5

claims from all class members, there is a common question." Id. Here, common questions exist about whether the plan's Bundled RKA fees were excessive, whether defendants breached their fiduciary duties to the plan and whether the plan suffered losses from the alleged fiduciary breaches.

      3.    *Typicality*

The typicality requirement is similarly met because the claims of the plaintiff, who represents the class, and the claims of the class members all arise from the same allegations. The plaintiff and the class members seek recovery in amounts owed to the plan and want to hold the fiduciaries accountable for their alleged breachers.

      4.    *Adequacy*

Finally, the plaintiff satisfies the adequacy requirement. The law firm of Walcheske & Luzi, LLC has served as collective or class counsel in other cases before this court and is capable of handling the plaintiffs' claims in this case. The representative plaintiff does not appear to have any conflicting interests and has suffered the same alleged injury as other class members. Dkt. No. 69 at ¶3. The court is satisfied that representation has been adequate to date.

    D.    <u>Rule 23(b)(1) Requirements</u>

In addition to meeting the class certification requirements under Rule 23(a), the proposed class must satisfy the requirements of one of the three subsections of Rule 23(b). The plaintiff references Rule 23(b)(1), which allows for certification when prosecuting separate actions would create a risk of either

> (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
>
> (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

Fed. R. Civ. P. 23(b)(1).

The court is satisfied that the "non-opt out" class under Rule 23(b)(1) is appropriate in this case. The plaintiff's breach of fiduciary duties claims are "commonly certified under Rule 23(b)(1) because recovery for a breach of the fiduciary duty owed to an ERISA plan . . . will inure to the plan as a whole, and because defendant-fiduciaries are entitled to consistent rulings regarding operation of the plan." Acosta v. Bd. of Trustees of Unite Here Health, 779 F. Supp. 3d 974, 998 (N.D. Ill. 2025) (citing Neil v. Zell, 275 F.R.D. 256, 267 (N.D. Ill. 2011)).

### E. Preliminary Approval of the Settlement

The court also must determine whether it likely will be able to approve the proposal under Rule 23(e)(2). Procedurally, the court considers whether the class representative and class counsel have adequately represented the class and whether the proposal was negotiated at arm's length. Fed. R. Civ. P. 23(e)(2)(A), (B). Substantively, the court considers whether relief is adequate by considering such factors as the costs, risks and delay of trial, the effectiveness of any proposed method of distributing relief and the terms of the proposed award of attorney's fees. Fed. R. Civ. P. 23(a)(2)(C). Finally, the court considers

7

whether the proposal treats class members equitably relative to each other. Fed. R. Civ. P. 23(e)(2)(D).

### 1. *Adequate Representation*

The plaintiff's attorneys state that they have adequately represented the class because they are "experienced ERISA litigators with a proven track record." Dkt. No. 67 at 13 (citing Dkt. No. 68 at ¶¶25-27). The firm has been appointed lead counsel or co-counsel in "dozens of class and collective actions and has recovered over $45 million for its clients." Dkt. No. 68 at ¶26. They further represent that the plaintiff is an adequate class representative, who has diligently litigated this case for four years. Dkt. No. 67 at 13.

### 2. *Negotiated at Arm's Length*

The parties engaged a private mediator and negotiated at arm's length. Id. They engaged in extensive discovery to evaluate the strength and weaknesses of the claims. Id. at 14.

### 3. *Relief Provided*

The court is satisfied that the relief provided is fair and adequate. The parties negotiated an $850,000 recovery, which represents an 18.9% recovery of the plaintiff's estimated losses. Dkt. No. 68 at ¶4. The plaintiff represents that this is consistent with other ERISA class action settlements that have been approved around the country. Dkt. No. 67 at 14.

#### a. Risks, Costs and Delay

The risks, costs and potential delay in this case are significant. As it stands, this case has been pending for five years. The parties briefed a motion

8

to dismiss and engaged in discovery. If this case had proceeded to summary judgment, resolution would have taken longer and the plaintiff would have risked an adverse decision. Issues regarding the extent of the loss and any appeal could have lengthened this litigation by years.

            b.     Notice

The court has reviewed the proposed notice and finds it the best option practicable for all members consistent with the dictates of Fed. R. Civ. P. 23(c)(2)(B). Current participants will receive their settlement distribution automatically in their plan account; former participants will receive checks and can roll the settlement amount over to a tax advantaged investment vehicle.

            c.     Terms of Proposed Attorney's Fees

The parties have agreed to limit the recovery of attorney's fees to one-third of the settlement amount. Dkt. No. 67 at 16; Dkt. No. 68-1 at §6.1.

        4.     No Separate Agreements

Finally, the parties represent that there are no side agreements. Section 14.20 of the class action settlement agreement specifically states:

> <u>Entire Agreement</u>. This Settlement Agreement and the exhibits attached hereto constitute the entire agreement among the Settling Parties and no representations, warranties, or inducements have been made to any party concerning the Settlement other than those contained in this Settlement Agreement and the exhibits thereto. It specifically supersedes any settlement terms or settlement agreements relating to the Defendants that were previously agreed upon orally or in writing by any of the Settling Parties.

Dkt. No. 68-1 at 31.

## II. Conclusion

The court **GRANTS** the parties' joint motion for preliminary approval and preliminarily approves the settlement agreement pending a fairness hearing. Dkt. No. 68.

The court **PRELIMINARILY APPROVES** the settlement as fair, reasonably and adequate to all class members pending a final fairness hearing.

The court **APPROVES** and **ORDERS** that Analytics Consulting LLC shall serve as the settlement administrator responsible for carrying out the responsibilities in the settlement agreement. Analytics Consulting LLC shall use the data provided by the defendants and the plan's recordkeeper solely for the purpose of meeting its obligations as settlement administrator. Dkt. No. 68-1 at ¶¶1.45, 2.3. The settling parties have the right to approve a written protocol provided by Analytics Consulting LLC regarding how information shall be maintained, stored and disposed of in order to ensure that all reasonable and necessary precautions are taken to safeguard the privacy and security of such information.

The court **PRELIMINARILY CERTIFIES** a Rule 23 class as follows:

> All persons who participated in the Plan at any time during the Class Period, including any Beneficiary of a deceased Person who participated in the Plan at any time during the Class Period, and any Alternate Payee of a Person subject to a QDRO who participated in the Plan at any time during the Class Period. Excluded from the Settlement Class are the Defendants.

The court **APPOINTS** Sharita Shaw as the class representative.

The court **APPOINTS** the law firm of Walcheske & Luzi, LLC as class counsel for settlement class.

The court **APPROVES** the proposed short form postcard settlement notice, which is the proposed form of notice regarding the settlement to class members, dkt. no. 68-3, and the long form settlement notice, dkt. no. 68-2, which is the proposed form of notice to be posted on the settlement website.

The court **FINDS** that the proposed notice constitutes the best notice practicable under the circumstances, that it will provide due and sufficient notice of the fairness hearing and of the rights of all class members and that it fully complies with the requirements of Rule 23 and due process.

The court **ORDERS** that Analytics Consulting LLC shall send by first-class mail the appropriate short form postcard settlement notice to each class member within forty-five (45) calendar days of the date of this order, based on data provided by the plan's recordkeeper. Dkt. No. 68-1 at §2.2.4. The short form postcard settlement notices shall be sent to the last known address of each class member provided by the plan's recordkeeper (or its designee), unless an updated address is obtained by Analytics Consulting LLC through its efforts to verify the last known addresses provided by the plan's recordkeeper (or its designee). Analytics Consulting LLC shall use commercially reasonable efforts to locate any class member whose short form postcard settlement notice is returned and resend such documents one additional time.

The court **ORDERS** that, on or before the date on which the short form postcard settlement notice is sent to the settlement class, Analytics Consulting LLC shall establish a settlement website and a telephone support line as provided by the settlement agreement. Analytics Consulting LLC shall post a

11

copy of the short form postcard settlement notice and the long form settlement notice on the settlement website.

The court **APPROVES** the form of the Class Action Fairness Act (CAFA) notice attached as Exhibit F to the settlement agreement, dkt. no. 68-7, and **ORDERS** that upon mailing of the CAFA notices, the defendants will have fulfilled their obligations under CAFA.

The court **ORDERS** the parties to appear for a fairness hearing on **February 18, 2026 at 10:00 AM (Central Time)**, in Courtroom 222 of the U.S. Courthouse and Federal Building, 517 E. Wisconsin Ave., Milwaukee, Wisconsin, 53202, to determine whether to: (i) certify the Settlement Class; (ii) approve the Settlement Agreement as fair, reasonable, and adequate; (iii) approve any request for attorneys' fees and costs; and (iv) approve the named plaintiff's request for a service award. The court may adjourn, modify, or continue the fairness hearing without further direct notice to the class members, other than by notice via the court's docket or the settlement website.

The court **ORDERS** that the court will hear any objections to any aspect of the settlement, and will consider any papers submitted in support of the objections, at the fairness hearing if such objections and papers have been timely and properly filed with the clerk of court. To be timely, the objection and any supporting documents must be sent to the court at least twenty-eight (28) calendar days prior to the scheduled fairness hearing. Dkt. No. 68-1 at §2.2.7. Within that time frame, any person wishing to speak at the fairness hearing must file and serve a notice of intent to participate. Id. at §2.2.7.

The court **ORDERS** that any party may file a response to an objection by a class member at least fourteen (14) calendar days before the fairness hearing, and class counsel shall file a motion for entry of the final approval order (as defined in the settlement agreement) at least fourteen (14) calendar days before the fairness hearing. Id. at §§2.2.8 and 3.1. Class counsel must file their motion seeking approval of the attorneys' fees and costs, administrative expenses and case contribution award no later than forty-two (42) days prior to the fairness hearing. Id. at §6.2.

The court **ORDERS** that until it determines whether to finally approve the settlement agreement, no class member may—directly, through representatives, or in any other capacity—commence any action or proceeding in any court or tribunal asserting any of the released claims against defendants, the released parties, and/or the plan as set forth in the settlement agreement.

Dated in Milwaukee, Wisconsin this 21st day of October, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**