SHARITA SHAW,

        Plaintiff,

                           Case No. 20-cv-1645-pp

   v.

QUAD/GRAPHICS, INC.
and BOARD OF DIRECTORS OF QUAD/GRAPHICS, INC.,

        Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT (DKT. NO. 75) AND DISMISSING CASE

The court held a fairness hearing on February 18, 2026 (Dkt. Nos. 79, 80) and granted the plaintiff's motion for final approval of the class action settlement. Dkt. No. 75. The court **ORDERS:**

1. For purposes of this final approval order, except as otherwise defined below, all capitalized terms shall have the same meaning as are ascribed to them in the Settlement Agreement.

2. The court has jurisdiction over the subject matter of this case and personal jurisdiction over all parties to the case, including all members of the Settlement Class.

3. The following Settlement Class is certified under Rule 23(b)(1) of the Federal Rules of Civil Procedure for purposes of the Settlement only:

> All persons who participated in the Plan at any time during the Class Period, including any Beneficiary of a deceased Person who

1

participated in the Plan at any time during the Class Period, and any Alternate Payee of a Person subject to a QDRO who participated in the Plan at any time during the Class Period. Excluded from the Settlement Class are the Defendants.

The Court **FINDS** that this Settlement Class meets all the requirements of Rule 23(a) and 23(b)(1).

4. Under Rule 23(e)(2), the court **APPROVES** and confirms the Settlement and the terms in it, including the release of the Released Claims, as being fair, reasonable and adequate to the Plan and the Class Members.

5. The court **APPROVES** the Settlement and orders that the Settling Parties must take all necessary steps to effectuate the terms of the Settlement Agreement.

6. In accordance with the Court's orders, and as reflected in the information from the Settlement Administrator, Analytics Consulting, LLC, the Short Form Postcard Settlement Notices were timely distributed by first-class mail to all Class Members who could be identified with reasonable effort and the Long Form Settlement Notice was made available on the Settlement Website. In addition, under the Class Action Fairness Act, 28 U.S.C. §1711, *et seq.* ("CAFA"), notice was provided to the Attorneys General for each of the states in which a Class Member resides and the Attorney General of the United States.

7. The form and methods of notifying the Class Members of the terms and conditions of the proposed Settlement Agreement met the requirements of Rules 23(c)(2) and (e), and due process, and constituted the best notice practicable under the circumstances; and due and sufficient notices of the

Fairness Hearing and the rights of all Class Members have been provided to all people, powers and entities entitled thereto, and the requirements of Rule 23 and due process have been met.

8. The Court **FINDS** that the Settlement is fair, reasonable and adequate, based on the following findings of fact, conclusions of law, and determinations of mixed fact/law questions:

A. The Settlement resulted from arm's-length negotiations by experienced and competent counsel overseen by a neutral mediator;

B. The Settlement was negotiated only after the Class Counsel had received pertinent information and documents from the Defendants;

C. The Settling Parties were well positioned to evaluate the value of the Class Action;

D. If the Settlement had not been achieved, both the Plaintiff and the Defendants faced the expense, risk and uncertainty of extended litigation;

E. The amount of the Settlement ($850,000), without reversion, and the award and approval of Attorneys' Fees and Costs, Administrative Expenses and Case Contribution Award, are fundamentally fair, reasonable and adequate. The Settlement amount is within the range of reasonable settlements that would have been appropriate in this case, based on the nature of the claims, the potential recovery, the risks of litigation, and settlements that have been approved in other similar cases;

F.    The Class Representative and the Class Counsel have concluded that the Settlement Agreement is fair, reasonable and adequate;

G.    Class Members had the opportunity to be heard on all issues regarding the Settlement and release of claims by submitting objections to the Settlement Agreement to the Court;

H.    There were zero objections to the settlement; and

I.    The Settlement was reviewed by an independent fiduciary, Newport Trust Company, LLC, who has approved the Settlement on behalf of the Plan.

9.    The court **GRANTS** the Motion for Final Approval of the Settlement Agreement and **APPROVES** the Settlement of the Class Action as fair, reasonable and adequate to the Plan and the Settlement Class. The court **GRANTS** the plaintiff's Motion for Attorney Fees and Costs, Administrative Expenses and Case Contribution Award.

10.    The court **ORDERS** that this Action and all Released Claims asserted in it, whether asserted by the Class Representative on his own behalf or on behalf of the Class Members or derivatively to secure relief for the Plan, are **DISMISSED WITH PREJUDICE**, without costs to any of the Settling Parties other than as provided for in the Settlement Agreement.

11.    The Class Representative and each Class Member and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors and assigns, shall be (1) conclusively deemed to have, and by

4

operation of this Final Approval Order shall have, fully, finally and forever settled, released, relinquished, waived and discharged the Defendants, the Plan and the Released Parties from all Released Claims, and (2) barred and enjoined from suing the Defendants, the Plan or the Released Parties in any action or proceeding alleging any of the Released Claims, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Member or the Class Counsel now know or believe to be true with respect to the Action and the Released Claims; whether or not such Class Members received a monetary benefit from the Settlement; whether or not such Class Members actually received and/or reviewed the Short Form Postcard Settlement Notice or Long Form Settlement Notice; whether or not such Class Members have filed an objection to the Settlement or to any application by the Class Counsel for an award of Attorneys' Fees and Costs, Administrative Expenses, and Case Contribution Award; and whether or not the objections or claims for distribution of such Class Members have been approved or allowed.

12. The Plan, the Class Representative and each Class Member (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns) on behalf of the Plan shall be (1) conclusively deemed to have, and by operation of this Final Approval Order shall have, fully, finally and forever settled, released, relinquished, waived and discharged the Defendants and the Released Parties from all Released Claims, and (2) barred and enjoined from suing Defendants or the Released Parties in any action or

5

proceeding alleging any of the Released Claims, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Member or the Class Counsel now know or believe to be true with respect to the Class Action and the Released Claims; whether or not such Class Members actually received and/or reviewed the Short Form Postcard Settlement Notice or Long Form Settlement Notice; whether or not such Class Members received a monetary benefit from the Settlement; whether or not such Class Members have filed an objection to the Settlement or to any application by the Class Counsel for an award of Attorneys' Fees and Costs, Administrative Expenses, and Case Contribution Award; and whether or not the objections or claims for distribution of such Class Members have been approved or allowed.

13. The Class Representative and each Class Member shall release the Defendants, the Released Parties, the Defense Counsel, the Plan and the Class Counsel, from any claims, liabilities and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and from all tax liability and associated penalties and interest as well as related attorneys' fees and expenses, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Member or the Class Counsel now know or believe to be true with respect to the Class Action and the Released Claims; whether or not such Class Members actually received and/or reviewed the Short Form Postcard Settlement Notice or Long Form Settlement Notice; whether or not such Class Members received a monetary benefit from the Settlement; whether or not such Class Members have filed an

6

objection to the Settlement or to any application by the Class Counsel for an award of Attorneys' Fees and Costs, Administrative Expenses and Case Contribution Award; and whether or not the objections or claims for distribution of such Class Members have been approved or allowed.

14. The court **FINDS** that it has subject matter jurisdiction over the claims herein and personal jurisdiction over the Defendants and the Class Members under the provisions of ERISA, and expressly retains that jurisdiction for purposes of enforcing and interpreting this Final Approval Order and/or the Settlement Agreement.

15. The court **FINDS** that all applicable CAFA requirements have been satisfied.

16. The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Class Member under the Plan of Allocation attached to the Settlement Agreement as Exhibit C and approved by the court.

17. With respect to any matters that arise concerning the implementation of distributions to Class Members who are current participants in the Plan (after allocation decisions have been made by the Settlement Administrator in its sole discretion under the Plan of Allocation), all questions not resolved by the Settlement Agreement shall be resolved by the Plan Administrator or other fiduciaries of the Plan in accordance with applicable law and the governing terms of the Plan.

18. Within twenty-one (21) calendar days following the issuance of all Settlement payments to Class Members as provided by the Plan of Allocation approved by the court, the Settlement Administrator shall prepare and provide to the Class Counsel and the Defense Counsel a list of each person who received a Settlement payment or contribution from the Qualified Settlement Fund and the amount of such payment or contribution.

19. Upon the entry of this Final Approval Order and the Settlement Effective Date under the Settlement Agreement, all Settling Parties, the Settlement Class and the Plan shall be bound by the Settlement Agreement and by this Final Approval Order.

The court **ORDERS** that this case is **DISMISSED**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 13th day of March, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

8